[Sac. No. 922. Department Two.—November 4, 1903.]

## DAVID PATERSON et al., Appellants, v. B. A. OGDEN et al., Respondents.

PUBLIC LANDS—AGRICULTURAL PATENT—CHARACTER OF LAND—ADJUDI-
CATION—COLLATERAL ATTACK BY MINING CLAIMANT—ACTION TO
QUIET TITLE.—A United States patent for agricultural land is an
adjudication by a tribunal having jurisdiction that the lands were
agricultural and not mineral in character, and a mining claimant
who did not appear and protest or make any adverse claim against
the issuance of the patent cannot collaterally attack the patent in
an action to quiet his title to the mining claim against the patentee.

ID.—RESERVATION IN PATENT—CONSTRUCTION—RIGHT TO MINE.—A
clause in an agricultural patent making it "subject to the right
of a proprietor of a vein or lode to abstract and remove his ore
therefrom, should the same be found to penetrate or intersect the
premises hereby granted, as provided by law," if not void, is to be
properly construed as only permitting the proprietor of a vein
whose apex lies outside of the land, but which penetrates the land
on its dip or downward course, to abstract and remove his ore
therefrom. It does not confer a right to enter and mine upon the
surface of the patented land.

APPEAL from a judgment of the Superior Court of Tuo-
lumne County and from an order denying a new trial. R. C.
Rust, Judge.

The facts are stated in the opinion of the court.

F. W. Street, for Appellants.

The appellants by their location, annual work, and ex-
penditures had acquired a grant from the United States of
the lands embraced within the Gem Mine, and the ground was
not afterwards open to sale and patent, or subject to the dis-
posal of the government. (*Wirth* v. *Branson*, 98 U. S. 121;
*Belk* v. *Meagher*, 104 U. S. 279; *Gwillim* v. *Donnellan*, 115
U. S. 45; *Noyes* v. *Mantle*, 127 U. S. 348; *Sullivan* v. *Iron
Silver M. Co.*, 143 U. S. 431; *Mery* v. *Brodt*, 121 Cal. 332-335;
Lindley on Mines, sec. 539.) Lands in which there are known
mines are not subject to pre-emption or homestead entry.
(U. S. Rev. Stats., secs. 2258, 2289; *Deffeback* v. *Hawke*, 115

U. S. 404; *Burfenning* v. *Chicago Ry. Co.,* 163 U. S. 321-323.) The government having no title to the land included within the Gem Mine at the time of the issuance of the agricultural patent, including that mine, the patent was void to that extent, and may be collaterally attacked. (*Durfee* v. *Plaisted,* 38 Cal. 80; *Thompson* v. *True,* 48 Cal. 601; *Edwards* v. *Rolley,* 96 Cal. 408;[1] *Klauber* v. *Higgins,* 117 Cal. 451-464; *Cucamonga Fruit and Land Co.* v. *Moir,* 83 Cal. 101; *Dolan* v. *Carr,* 125 U. S. 618, 624; *Gerrard* v. *Silver Peak Min. Co.,* 82 Fed. 578-583.)

J. P. O'Brien, for Respondents.

All parties were bound to take notice of the application for the agricultural patent, of which public notice was given, and to file any adverse claims thereto. (*Wight* v. *Dubois,* 21 Fed. 695; *Richards* v. *Wolfling,* 98 Cal. 195.) The patent was a conclusive adjudication as to the character of the land patented, which is not open to contestation in any collateral proceeding. (*Doll* v. *Meader,* 16 Cal. 297; *Gale* v. *Best,* 78 Cal. 235;[2] *Irvine* v. *Tarbat,* 105 Cal. 237; *Dreyfus* v. *Badger,* 108 Cal. 58; 1 Lindley on Mines, sec. 208, p. 253; *Saunders* v. *La Purissima Gold Min. Co.,* 125 Cal. 159.) Merely by virtue of plaintiff's location and option to purchase not exercised, the government did not part with its title. (*Forbes* v. *Gracey,* 94 U. S. 762; *Black* v. *Elkhorn Min. Co.,* 163 U. S. 449.)

McFARLAND, J.—This is an action to quiet title to an alleged quartz-mining claim called the Gem Mine. Judgment was for defendants, and plaintiffs appeal from the judgment and from an order denying their motion for a new trial.

The contest is only about that part of the alleged Gem Mine which lies in the west half of the southwest quarter of section 3, township 2 north, range 14 east, M. D. M. On November 2, 1881, respondents' predecessor in interest, John McNamee, made homestead entry as agricultural land at the United States land office at Stockton, California, of land which includes the west half of the southwest quarter above mentioned. On February 5, 1889, he commuted the said

---

[1] 31 Am. St. Rep. 234.          [2] 12 Am. St. Rep. 44.

homestead entry to cash entry No. 9753, and paid the United
States government therefor; and on November 24, 1890, the
government issued to him a patent for said land. After the
said homestead entry, and after the land had been returned
by the United States surveyor-general as agricultural land,
J. N. Paterson, appellants' predecessor in interest, located
what is called the Gem Mine. At the time when McNamee
made his final proofs no protest or adverse claim was made
by Paterson, or any other person.

It is well settled that issuance of a United States patent
for land as agricultural in character is a judgment by a
tribunal having jurisdiction that such is the character of the
land, which cannot afterwards be collaterally attacked. (*Gale*
v. *Best,* 78 Cal. 235,[1] and *Saunders* v. *La Purissima Gold
Mining Co.,* 125 Cal. 159, and the authorities cited in those
two cases; also, *Richards* v. *Wolfling,* 98 Cal. 195, and *Wight*
v. *Dubois,* 21 Fed. 695.) The patent, therefore, conveyed
the land to McNamee, and was an adverse adjudication of
any asserted right of appellants' grantor to the land as a
mining claim. In the case at bar the patent to McNamee
contained the following clause: "Subject to the right of a
proprietor of a vein or lode to abstract and remove his ore
therefrom, should the same be found to penetrate or intersect
the premises hereby granted as provided by law." We have
not been referred to any law authorizing the insertion of
this clause; and it was held in *Cowell* v. *Lammers* (10 Saw.
246), 21 Fed. 200, that a reservation of mineral land in an
agricultural patent is void. But waiving that question, the
court below in the case at bar correctly construed the clause
as only subjecting the patented land "to the right of the
proprietor of a vein or lode, the top or apex of which lies
outside of the west half of the southwest quarter of section 3
aforesaid, but which penetrates into the land on its dip or
downward course, to abstract and remove his ore thereform
as provided by law." It does not give any right to enter and
mine upon the surface within the patented lands. These
views make it unnecessary to consider the express finding
that at the time of the patent no part of the lands was
"known valuable mineral land, but on the contrary all of the

[1] 12 Am. St. Rep. 44.

lands embraced within the west half of the southwest quarter of said section 3 were at that time, and now are, agricultural lands.''

In answer to the claim by appellants of title under the statute of limitations by adverse possession since the date of the patent, the court finds expressly that there was no such adverse possession; and the evidence is clearly sufficient to support that finding, irrespective of the further finding that appellants had not paid any of the taxes levied on any part of said land. The above views dispose of the controlling questions in the case adversely to appellants' contention; and there are no other points necessary to be noticed.

The judgment and order appealed from are affirmed.

Lorigan, J., and Henshaw, J., concurred.